IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA § § §<br>Plaintiff, § §<br>v. § §<br>LATWILA WILLIAMS, KATIE § MEDFORD, SHELBY RAY DANSBY § AND CALVIN DANSBY § § §<br>Defendants. § § | Civil Action No. 9:23-00077 |

**PLAINTIFF'S ORIGINAL COMPLAINT IN INTERPLEADER**

Plaintiff, Life Insurance Company of North America ("Plaintiff" or "LINA") files this Original Complaint in Interpleader, in support thereof, respectfully states:

### I.   PARTIES

1.   Plaintiff LINA is an insurance company incorporated under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

2.   Defendant LaTwila Williams is an individual residing in Nacogdoches, Texas. Defendant may be served with private process at her residence at 1419 W. Main Street, Nacogdoches, Texas 75964 or wherever else she may be found.

3.   Defendant Calvin Dansby is an individual residing Nacogdoches, Texas. Defendant may be served with private process at his residence at 217 Wortham Drive, Nacogdoches, Texas 75965 or wherever else he may be found.

4. Defendant Shelby Ray Dansby is an individual residing Nacogdoches, Texas. Defendant may be served with private process at his residence 1217 West Cox Street, Nacogdoches, Texas 75965 or wherever else he may be found.

5. Defendant Katy Medford is an individual residing in Nacogdoches, Texas. Defendant may be served with private process at her residence at 1515 Clevenger Street, Nacogdoches, Texas or wherever else she may be found.

## II.    JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 because the group life insurance policy at issue funds benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. and, pursuant to Fed. R. Civ. P. 22 because this is an interpleader action between parties of diverse citizenship with an amount in controversy in excess of $75,000.00.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391 because all of the Defendants are residents and citizens of this State and may be found in the judicial district.

## III.    FACTUAL BACKGROUND

8. LINA issued Group Life Insurance Policy Number FLX-968748 (the "Policy") to the Trustee of the Group Insurance Trust for Employers in the Manufacturing Industry. Tony C. Dansby's (the "Decedent") employer, NIBCO, Inc., was a subscriber of same and LINA therefore administered the claims arising under the Policy for NIBCO, Inc.'s employee welfare benefit plan.

9. Decedent died on December 19, 2022. Pursuant to the terms of the Policy, Plaintiff LINA was to pay $147,000.00 (the "Proceeds") upon Decedent's death to Decedent's designated beneficiary.

10. However, upon information and belief, Decedent's designated beneficiary, his mother, Ocerine Dansby, passed away in 2020. LaTwila Williams claims to have been the common law wife of Decedent, and Shelby Dansby, Calvin Dansby and Katie Medford all claim to be children of Decedent. There is a dispute among the Defendants as to whether Ms. Williams was the common law wife of Decedent and whether the other Defendants were children of Decedent. LINA received competing claims for the Proceeds from the Defendants.

11. Defendant LaTwila Williams is an interested party in that if the Court declares LaTwila Williams as the common law wife of the Decedent, she would be a potential beneficiary under the Policy.

12. Defendant Katie Medford is an interested party in that if the Court declares Katie Medford as the daughter of the Decedent, she would be a potential beneficiary under the Policy.

13. Defendant Shelby Ray Dansby is an interested party in that if the Court declares Shelby Ray Dansby as the son of the Decedent, he would be a potential beneficiary under the Policy.

14. Defendant Calvin Dansby is an interested party in that if the Court declares Calvin Dansby as the son of the Decedent, he would be a potential beneficiary under the Policy.

### IV. INTERPLEADER

15. Plaintiff realleges and by this reference incorporates the allegations contained in paragraphs 8 through 14, above.

16. Plaintiff is a disinterested holder of the Proceeds of the Policy. Plaintiff has received adverse claims to the Proceeds of the Policy. As a result, Plaintiff has a real and reasonable fear of multiple liabilities to the Defendants. Therefore, Plaintiff hereby interpleads the Proceeds of the Policy and unconditionally offers to tender the disputed funds into the registry of the Court.

V.   REQUEST FOR RELIEF

WHEREFORE Plaintiff Life Insurance Company of North America respectfully requests that the Defendants appear and that this Court enter an order (1) discharging Plaintiff from liability under the Policy; (2) enjoining Defendants from asserting further claims against Plaintiff with respect to the Proceeds of the Policy; (3) awarding Plaintiff's its attorneys' fees and costs; and (4) awarding Plaintiff any other or further relief to which it may be legally or equitably entitled.

Respectfully submitted,

By:   /s/ S. Wesley Butler
**Craig A. McDougal**
State Bar No.: 13569850
**S. Wesley Butler**
State Bar No.:  24045593
**John D. Robinson**
State Bar No. 24116977

**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas  75201
Telephone:    (214) 922-7100
Telecopier:    (214) 279-5113
Email:    cmcdougal@kilpatricktownsend.com
wbutler@ kilpatricktownsend.com
john.robinson@kilpatricktownsend.com

**COUNSEL FOR DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA**